### UNITED STATES EXPRESS CO. v. KRAFT.

(Circuit Court of Appeals, Third Circuit. May 13, 1908.)

#### No. 20.

1. MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—NEGLIGENCE.

Where a passenger, riding on the running board of a street car, was struck by the shaft of an express wagon standing against the curb, the owner of the wagon was negligent in not exercising due care in placing the wagon and securing the horse; plaintiff being entitled to assume that such care had been taken as to prevent the shafts of the wagon projecting over the running board of street cars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1515.]

**2.** Negligence—Contributory Negligence—Instructions.

Plaintiff, while riding on the running board of a street car, was injured by coming in contact with an express wagon backed against the curb. The court charged that every one was called on to exercise the best judgment he could by using his eyes and senses to keep out of danger; that if plaintiff could see the obstruction in the street when he was getting on the car, or while the car was moving, he should have avoided putting himself in a place of danger, and if the accident was really plaintiff's fault, because he put himself in a place of danger, he could not recover; but that, in order to entitle plaintiff to recover, the jury must find, not only that defendant was negligent, but that plaintiff was not negligent. *Held*, that such instruction presented the question of contributory negligence to the jury in as favorable a manner to defendant as it had a right to expect.

**3.** Municipal Corporations—Obstructions in Streets—Injuries to Travelers—Contributory Negligence—Question for Jury.

In an action for injuries to plaintiff by being struck by the shafts of an express wagon standing against the curb and extending into the street, as plaintiff was riding on the running board of a street car, evidence *held* to require submission of the question of plaintiff's contributory negligence to the jury.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

J. B. Woodward, for plaintiff in error.

John M. Garman, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. This was an action by the defendant in error, hereinafter called the plaintiff, to recover damages for personal injuries sustained by him, which he alleged were caused by negligence of the plaintiff in error, hereinafter called the defendant; and the latter concedes that "the sole question before this court is whether the plaintiff was guilty of contributory negligence which precluded recovery."

During the afternoon of June 4, 1906, the plaintiff boarded a moving street car, which had just left the beginning of its route at the corner of Broad and South Wyoming streets, in the city of Hazleton. It was an open car, with cross-seats and a running board on the side. It was somewhat crowded, but the plaintiff believed he could get a seat inside, and intended and attempted to do so, although he was still wholly or partly on the running board, when, after the car had gone about 127 feet, a point opposite to the place of business of the defendant was reached. There one of its express wagons, with horse attached, was standing between the track and the curb, and the shaft of this wagon struck the plaintiff, threw him from the car, and seriously hurt him. It is probable that the projection of the shaft over the running board of the car resulted from some immediate movement of the horse; but whether it did or did not is unimportant, for in either case it might have been prevented by due care in placing the wagon and securing the horse, and the plaintiff had a right to assume that such care had been taken.

The learned judge dealt with the subject of contributory negligence in a manner quite as favorable to the defendant as it had any right

to expect. He told the jury that "every one is called upon to exercise the best judgment he can, by using his eyes and his senses, to keep out of danger"; and this he said with express reference to the claim of the defendant that "the plaintiff could see the obstruction in the street there, that it was in plain view when he was getting on the car,. * * * while the car was moving, and that he ought to have noticed it and avoided putting himself in that way in a place of danger." And he added:

"If this accident really is the fault of the plaintiff, because he put himself in a place of danger, he cannot recover; but if he exercised the care that any one would, any person of judgment, all the care that could reasonably be expected of him, and the defendant is found to have been negligent, then a complete case would be made out here, which would entitle him to a verdict."

And this statement, in substance, was reiterated in answering the points submitted by counsel, as, for instance, in saying:

"You must find that the defendant was negligent. If you at the same time find that the plaintiff was negligent, also, your verdict would be for the defendant. You have got to find both those points in favor of the plaintiff before he is entitled to your verdict."

Thus the question of contributory negligence was clearly and correctly submitted to the jury, and we cannot assent to the proposition that the court erred in refusing to decide that, upon the defendant's hypothesis of fact, negligence per se on the part of the plaintiff had been shown. Assuming "that the plaintiff chose to board a moving car when he might have got a seat before it started, or have stopped the car and got a seat after it had started, and would then have been safe, and the obstacle which struck him while on the running board was in plain view," yet it was for the jury to say whether these incidents, taken in connection with all the circumstances, did or did not constitute negligence in fact. They did not establish its existence as matter of law. It is true that where contributory negligence of either class is so conclusively proven that a verdict for the plaintiff, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. But the rule generally applicable, and which was rightly applied to this case, is that, as the question of negligence on the part of the defendant is one of fact for the jury to determine, under all the circumstances of the case and under proper instructions from the court, so, also, is the question of whether there was negligence on the part of the plaintiff, which was the proximate cause of the injury. Randall v. Baltimore & Ohio R. R. Co., 109 U. S. 482, 3 Sup. Ct. 322, 27 L. Ed. 1003; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Washington & Georgetown R. R. Co. v. Harmon, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

The judgment of the Circuit Court is affirmed.