### WORTH BROS. CO. v. KALLAS.

(Circuit Court of Appeals, Third Circuit. June 3, 1908.)

No. 22.

1. NEGLIGENCE—WHEN QUESTION FOR JURY.

Where, from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence or contributory negligence, such questions are properly for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 279–302.]

2. MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Plaintiff, as an employé, although not a painter, was set to painting the inside wall of defendant's iron mill, which was a large building containing heavy machinery in noisy operation. He had not been inside the building before, and was set to work by a foreman about 20 feet above the ground, and directed to stand with one foot on the lower flange of a horizontal I-beam. Shortly afterward, while stooping to

paint below his feet, one arm, which was thrown over the beam, was run over by an electric crane, one of the tracks for which was laid upon the top of such beam. He was given no notice in respect to the crane, which traversed the entire length of the building, some 300 feet, and when he commenced work was quite a distance away. *Held*, that the questions of defendant's negligence and of plaintiff's contributory negligence were properly submitted to the jury, and that the court did not err in entering judgment in accordance with their verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1050.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Thomas Leaming, for plaintiff in error.

Edward D. Mitchell, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. This was an action to recover for personal injury sustained by the plaintiff below, the defendant here, which he alleged was caused by negligence of the defendant below, the plaintiff here. There is no complaint of any action of the court during the trial, or of its charge to the jury. The sole question is whether a verdict for the defendant should not have been directed, or a judgment non obstante veredicto have been entered in its favor, and the facts involved in that question are not controverted.

The plaintiff was employed by the defendant. He was not a painter by trade, but he was set to painting the outside of the roof of the defendant's iron mill at Coatesville, Pa. He was engaged at this work for three days, and then was told to do some painting inside of the building. He had not been in the building before, and was in it but a very short time when the accident in question occurred. It was a very large building. There was some exhaust steam in it, and it contained heavy machinery which was in noisy operation. The plaintiff began painting its sides, which were of corrugated iron, at a point about 20 feet above the ground. He stood, as directed by the foreman, with one foot on an angle iron and with the other foot on the lower flange of a horizontal steel I-beam. His feet were about 18 inches apart, and when he was painting below the level at which he was standing he reached down between his feet. The I-beam referred to was about 3 feet high, and on its top was one of the rails of a track upon which traveled an electrically operated crane. This crane spanned the mill, and was supported on the other side by a similar rail about 73 feet distant from the rail first mentioned. It traversed the entire building, which was about 300 feet in length. The plaintiff had been given no information or instruction respecting it. It was at a point quite distant from him when he began to work inside of the building, and it was started on its first trip of that day without notice to him. He, as has been stated, painted below as well as above the level at which he was standing; and while he was thus painting and in a "squatting attitude" the crane ran over his left arm, which, but a moment before, he had thrown over the rail to support himself.

The plaintiff in error has contended that "there was not sufficient evidence of defendant's negligence," and that "the plaintiff was guilty of contributory negligence," and it may be that if a verdict for the defendant had been rendered it could have been sustained upon either of these grounds. But this was a case in which, though there was no dispute about the facts, the inference to be drawn from them, as to negligence either of the defendant or of the plaintiff, was fairly and reasonably susceptible of a difference of opinion. Washington & Georgetown Railroad v. Harmon, 147 U. S. 580, 13 Sup. Ct. 557, 37 L. Ed. 284. "There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 682, 36 L. Ed. 485.

If all inferences that could justifiably be drawn from the evidence would not suffice to support a verdict for the plaintiff, a verdict for the defendant should have been directed. Randall v. Baltimore & Ohio R. R. Co., 109 U. S. 482, 3 Sup. Ct. 322, 27 L. Ed. 1003. Of this we have no doubt; but as from the unquestioned facts reasonable men might have reached different conclusions respecting both negligence of the defendant and contributory negligence of the plaintiff, the learned judge was right in submitting both questions to the jury, and in subsequently entering judgment in accordance with the verdict.

Therefore that judgment is affirmed.