### PITTSBURGH RYS. CO. v. SULLIVAN.

(Circuit Court of Appeals, Third Circuit.   January 22, 1909.)

#### No. 27.

APPEAL AND ERROR (§ 1001*)—VERDICT—REVIEW—APPELLATE JURISDICTION.
Where, in an action for injuries, the questions of negligence, contributory negligence, and proximate cause are for the jury, the Circuit Court of Appeals has no power to change the jury's verdict, even if in its opinion the verdict is erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3922; Dec. Dig. § 1001.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Wm. A. Challener, for plaintiff in error.

Rody P. Marshall, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge.   This writ of error has brought up from the Circuit Court for the Western District of Pennsylvania the record

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and bill of exceptions in an action wherein the defendant in error was plaintiff, and the plaintiff in error was defendant.

The plaintiff below was employed as a conductor on one of the defendant's lines of street railways, and in October, 1906, the electrically operated car upon which he was working slid or ran down a hill or grade that it had just ascended, and collided with another car of the defendant company which was on the same track and bound in the same direction, and the plaintiff was seriously hurt. His statement of claim more fully alleged the facts, and the defendant pleaded the general issue. Upon the trial of the issue joined on that plea, testimony on both sides was adduced, and a verdict was rendered in favor of the plaintiff. The assignment of errors contains three specifications: That a request made on behalf of the defendant for the direction of a verdict in its favor was refused; that its subsequent motion for judgment in its favor notwithstanding the verdict was denied; and that a judgment upon the verdict was entered for the plaintiff. These several specifications raise but a single question: Was there any evidence upon which a verdict for the plaintiff could reasonably be sustained?

In his general charge, and by affirmance of several of the points submitted for the defendant, the trial judge instructed the jury in a manner quite as favorable to it as was possible, and there is no complaint of any action of the court during the course of the trial. In overruling the motion for judgment non obstante veredicto, the learned judge said there was a conflict of testimony which made it improper for him to interfere with the verdict, and in this we think he was clearly right. Careful examination of the evidence has fully satisfied us that, as a whole, it sufficed to present, as matter of fact for determination by the jury, the question whether there was negligence on the defendant's part, which, of itself and without contributory negligence on the part of the plaintiff, was the proximate and decisive cause of his injury; and it would be useless to consider the testimony in detail for the purpose of ascertaining whether the jury's conclusion upon this question was right, for, even if we believed it to be wrong, we would have no authority to correct it. Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Washington & Georgetown Railroad v. Harmon's Administrator, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284; United States Express Co. v. Kraft (C. C. A.) 161 Fed. 300; Worth Bros. Company v. Kallas (C. C. A.) 162 Fed. 306.

The judgment is affirmed.