## PENNSYLVANIA R. CO. v. BACZA.

(Circuit Court of Appeals, Third Circuit. May 23, 1911.)

No. 36.

1. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.

Contributory negligence is a matter of defense, and is ordinarily a question for the jury. It is only where the facts are undisputed, or of such a conclusive character that the inference of negligence must be drawn therefrom, that a court will itself pass on the question.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 333–336; Dec. Dig. § 136.*]

2. RAILROADS (§ 350*)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

Plaintiff was struck and injured by a train while driving over the tracks of defendant's railroad at night in a light surrey. The crossing was in a city, and was guarded by gates during the daytime, but they were not operated so late at night. There was evidence that the train was running at a speed of 50 miles an hour, and that it gave no signals of its approach; also that plaintiff stopped, but did not see nor hear a train. The track curved about 1,000 feet from the crossing. *Held*, that the question of plaintiff's contributory negligence was properly submitted to the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Action at law by Joseph Bacza against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alan H. Strong, for plaintiff in error.

Joseph E. Stricker and George S. Silzer, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and McPHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below Joseph Bacza recovered a verdict against the Pennsylvania Railroad Company for personal injuries, and on entry of judgment thereon the defendant sued out this writ of error. The case was submitted to the jury in a charge to which no exception was taken, and the sole question before us is the denial of the defendant's point requesting instructions holding the plaintiff guilty of contributory negligence.

[1] Contributory negligence is a matter of defense, and is ordinarily a question for a jury. Grand Trunk v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485. It is only where the facts are undisputed, or of such a conclusive character that the inference of negligence must be drawn therefrom, that a court will itself pass on the question. U. S. Express Co. v. Kraft, 161 Fed. 301, 88 C. C. A. 346, 19 L. R. A. (N. S.) 296, and cases cited. Tested by this standard, we think the court below would have infringed the province of the jury,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had it decided the controverted question of the plaintiff's alleged contributory negligence; for, as said in Washington v. Harmon, 147 U. S. 580, 13 Sup. Ct. 560, 37 L. Ed. 284:

"This was not a case where the facts were undisputed and where but one reasonable inference could be drawn from them."

The accident in question was caused by a freight train of the defendant striking a light surrey which the plaintiff was driving across a grade street crossing at New Brunswick avenue, in Perth Amboy, N. J. The plaintiff was 64 years of age, was familiar with the crossing, and was going home about midnight. There were three tracks at the crossing, namely, two through tracks and a freight siding. The main tracks were used jointly by the defendant and the Central Railroad of New Jersey. The crossing was protected by safety gates during the day, but they were not operated so late at night as the hour of this accident. About 1,000 feet above the crossing the track curved. The night was somewhat foggy. The testimony on behalf of the plaintiff, which consisted of his own and that of a pedestrian coming down the street, showed the plaintiff stopped his horse on the siding, looked up and down the through tracks, and the plaintiff says he heard no sound or signal of approaching trains. He then started to cross, and as he was on the farthest of the two through tracks he was struck by defendant's freight train and injured. The pedestrian was an experienced railroad fireman, who said the freight was traveling at the rate of 50 miles an hour, and testified affirmatively that no crossing signals were given or sound of the train's approach made. This witness picked the plaintiff up after the collision, and testified he examined the premises immediately, and found certain box cars on the siding about 140 feet from the crossing, which obstructed the plaintiff's view. The weight of the proof showed these cars were considerably further up the siding, but their location was in dispute. Leaving the element of these cars, however, out of the question, we are unable to say the remaining facts indisputably point to the plaintiff's negligence.

The plaintiff approached this grade crossing in a populous, built-up city, the use of which during the day was such as to require safety gates, and he had a right to assume the railroad would have a due regard for the safety of crossers. U. S. Express Co. v. Kraft, supra. This care would be exercised by timely warnings of approach to the crossing of its trains, or a slowing up of speed. If the testimony on plaintiff's behalf was correct, and the verdict must be considered under the charge as establishing it, this train did approach this crossing at high speed and without signal. Without going into mathematical data, it is quite evident that the interval between a train at such speed coming around the curve and reaching the crossing and between the traveler getting his horse started and reaching the train track was measured by seconds, and that a driver who had previously stopped and heard and seen nothing, and had then started his horse to cross, and was giving his whole attention to crossing and watching for trains coming from either direction, could be caught almost instantly and unexpectedly. But in such case how can a court say that

the traveler who did what he could—and the railroad failing to do what it should, and thus impliedly leading him to cross—was as a matter of law guilty of negligence. Indeed, we fail to see wherein we can charge him with negligence. What was there he failed to do that he should have done? What reasonable precaution did he omit?

This case was not one where the accident was such that a plaintiff who says he stopped, looked, and listened clearly did not do so, or he would have seen the approaching train, and where, in spite of him testifying that he did stop and look, the law presumes he did not stop and look. See Wharton on Negligence, § 382; Brommer v. Penna. R. R., 179 Fed. 578, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924. On the contrary, the facts are such that Bacza could have stopped, looked, and listened before attempting to cross, and seen or heard no approaching train, and yet been caught by an unsignaled, swiftly approaching train before he completed a crossing he had every reason to presume could safely be made   This was the inference the court below thought might fairly be drawn; for, in a charge suited to the facts, it submitted this view to the jury, saying:

"On the evidence, gentlemen, which is more or less conflicting, you are to determine what was the speed of the train; and, having so determined, whether a train, approaching this New Brunswick avenue crossing at such speed, would, by the flash of its headlight or the noise made in running, convey a warning of its approach to one placed as you shall find the plaintiff was placed as he stood at the siding or proceeded on, as you shall find the fact to be, in time to enable him to avoid the collision if he was exercising the due care I have already referred to. If on this branch of the case, namely, whether the plaintiff, by his neglect, contributed to his injuries, you find either that the whistle was blown or the bell rung, you should find for the defendant, because, under the facts in this case, if notice of the approach of this train was given by either method, the plaintiff was sufficiently warned of the danger of this crossing, and if he notwithstanding proceeded to cross he cannot recover, because such conduct would be negligence on his part and a contribution to his injuries. Or, if you should find that neither the whistle nor the bell was sounded, but that by the approaching headlight or the noise of the train the plaintiff, if he was exercising ordinary care, should have noticed the approach of such train, you should find for the defendant, because the plaintiff's failure to regard such notice of the train's approach would be negligence on his part contributing to his own injury. But if you find that neither the bell nor the whistle were sounded, and that the train approached the crossing in question at such a great speed that the plaintiff was not able to avoid the collision, he having reached the point of danger without notice on his part, then your verdict should be for the plaintiff, as he then would be entitled to recover."

We hold, therefore, the court was right in leaving the case to the jury, and the judgment below should be affirmed.