## ZIMMERMAN v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit. August 3, 1918.)

### No. 3160.

1. RAILROADS ⬤⟲350(6)—CROSSING ACCIDENT—FAILURE TO BLOW WHISTLE OR RING BELL—QUESTION FOR JURY.

In automobile driver's action against railroad for injuries at crossing, evidence that train crossed a city street at the rate of 30 miles an hour without having blown whistle or sounded bell made the question of negligence one for the jury.

2. RAILROADS ⬤⟲350(28)—ACCIDENT AT CROSSING—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

Whether plaintiff was guilty of contributory negligence in crossing track in automobile, without first stopping or looking to right or left, the flagman being temporarily absent, thus permitting the inference that there was an implied invitation to cross, *held*, under the evidence, for the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Katherine Zimmerman, administratrix of the estate of John F. Zimmerman, deceased, against the Pennsylvania Company. Judgment for defendant on directed verdict, and plaintiff brings error. Reversed, and cause remanded for new trial.

C. W. Dille, of Cleveland, Ohio, and Anderson, Mathews & Wall, of Youngstown, Ohio, for plaintiff in error.

Hollis E. Grosshans and Harrington, De Ford, Heim & Osborne, all of Youngstown, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Plaintiff, as administratrix of the estate of the late John F. Zimmerman, brings this action to recover damages for the wrongful death of the decedent. The defendant maintains and operates a railroad in the city of Alliance, and the decedent met his death May 7, 1915, at the crossing of the railroad over Park avenue in that city. Park avenue runs north and south and the railroad east and west. Decedent was driving north on Park avenue in an automobile, and when his machine reached the south rail of defendant's southerly track it was struck and he was killed by the locomotive of one of defendant's passenger trains bound east. Defendant maintained a shelter for a watchman in or near Park avenue adjacent to the north side of its northerly track, and the watchman was seen in the shanty, as it is called, shortly before the collision. Decedent was driving his machine at a moderate speed, estimated at the rate of 7 or 8 miles an hour, and this rate was materially reduced as the machine approached the south rail. He was looking directly north, and might well have had the watchman in view when nearing the point of danger, though it is not shown that the watchman was on duty at the moment the collision occurred.

[1, 2] At the close of the plaintiff's testimony defendant moved for a directed verdict, and the motion was granted. We agree with the learned trial judge that the evidence tended to show negligence on the part of the defendant, in that neither the whistle nor the bell of the locomotive was sounded as the train approached the crossing, and that at the time of the collision the train was running at the rate of 30 miles an hour. The court concluded as matter of law, however, that the decedent was not in the exercise of ordinary care as he approached the crossing. It is true the testimony tends to show that the decedent did not stop his machine, or look to the right or the left, before driving upon the track; but the view in the direction from which the train was coming was obstructed by buildings on the west side of Park avenue to a point within 14 or 15 feet of the southerly track. Considering these obstructions, in connection with the control under which the automobile was being operated, as well as the other testimony relating to decedent's conduct, we are impressed with the belief that it might fairly have been inferred, under the motion to direct, that, instead of maintaining gates, the defendant was accustomed to keep a watchman at this crossing, and that his absence, as well as his presence and conduct, might practically have operated as a token of safety in crossing, and as an invitation in that behalf to persons familiar, as decedent was, with the custom observed at the crossing. The situation would seem to have been similar in principle to that of open gates at a railroad crossing, and the implied assurance and invitation their position signifies to persons approaching and intending to pass over the crossing. Erie R. Co. v. Schultz, 183 Fed. 673, 675, 106 C. C. A. 23 (C. C. A. 6); Erie R. Co. v. Weber, 207 Fed. 293, 296, 125 C. C. A. 37 (C. C. A. 6). The defendant's negligence and the obstructions to the view westwardly lend emphasis to the situation.

Another circumstance is deserving of notice. The watchman was not seen after the collision; and yet his presence shortly before the collision gives rise to a presumption that he overlooked alike the proximity in time of the coming of the train and its actual approach. Enough was therefore shown to exact of the defendant an explanation, in a word to put it to its proofs; indeed, we think fair and impartial men might reasonably draw different conclusions touching the question of care or negligence on the part of the decedent. It is scarcely necessary to add that in such circumstances the question of contributory negligence is one of fact, not law. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; Blount v. Grand Trunk Ry. Co., 61 Fed. 375, 378, 9 C. C. A. 526 (C. C. A. 6); Otis Steel Co. v. Wingle, 152 Fed. 914, 917, 82 C. C. A. 62 (C. C. A. 6); Cary Bros. & Hannon v. Morrison, 129 Fed. 171, 181, 163 C. C. A. 267, 65 L. R. A. 659 (C. C. A. 8); Pa. R. Co. v. Bacza, 187 Fed. 770, 109 C. C. A. 518 (C. C. A. 3); United States Express Co. v. Kraft, 161 Fed. 300, 302, 88 C. C. A. 346, 19 L. R. A. (N. S.) 296 (C. C. A. 3).

The judgment must be reversed, and the cause remanded for a new trial; and an order will be entered accordingly.