## LAKE ERIE & W.. R. CO. v. SCHNEIDER.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1919.)

No. 3164.

1. RAILROADS ⬧350(1)—INJURIES AT CROSSING—NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

In an action against a railroad for injuries to a motor truck owner and driver at a crossing, questions of the railroad's negligence and its effect in producing the accident *held* for the jury.

2. APPEAL AND ERROR ⬧1064(1)—HARMLESS ERROR—INSTRUCTION.

In an action against a railroad for injuries to a motor truck owner and driver at a crossing, where the evidence fairly admitted finding that the view was not so obstructed, and there was not so much noise, as to prevent a careful and prudent person from discovering the train, *held* not prejudicial error to qualify the railroad's requested instruction on plaintiff's duty to stop before crossing to the extent that was done by the court.

3. NEW TRIAL ⬧72—TRIAL ⬧139(1)—CONSIDERATION OF MOTION—WEIGHING OF EVIDENCE.

It was not the province of the trial court to weigh the evidence when passing on motion to direct verdict, but when he came to consider the motion for new trial he was required to weigh evidence.

4. RAILROADS ⬧350(13)—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad for injuries at a crossing to the owner and driver of a motor truck, question of plaintiff's contributory negligence *held* for the jury.

5. RAILROADS ⬧327(7)—INJURIES AT CROSSING—DUTY TO STOP.

The owner and driver of a motor truck along a good road, so that the truck was not noisy, in approaching a single-track railroad crossing, was not required as a matter of law to stop to avoid the implication of negligence contributing to his injuries, when struck by a special train running at an unusual time; the view not being so obstructed as to require plaintiff to stop.

6. RAILROADS ⬧346(2)—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In the federal courts, the burden to prove the defense of contributory negligence rests upon defendant in a suit for injuries at a crossing.

7. APPEAL AND ERROR ⬧1003—REVIEW OF EVIDENCE BY FEDERAL COURT.

A federal appellate court does not weigh the evidence, though it must be satisfied that there is proper evidence in law sufficient to support the verdict.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Fred. Schneider against the Lake Erie & Western Railroad Company. To review a judgment for plaintiff, defendant brings error. Affirmed.

Frank S. Lewis, of Toledo, Ohio, for plaintiff in error.

Newcomb, Newcomb, Nord & Chapman, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. Plaintiff below, Schneider, recovered verdict and judgment for $3,525 against the railroad company,

and the latter seeks reversal under the present writ of error. The suit was for personal injuries sustained by plaintiff at the crossing of an ordinary highway, Hawkins road, and the railroad near the village of Fairlawn, Ohio. Hawkins road runs north and south, and the railroad in a southwesterly direction at the crossing and at the places in question here.[1] About 4 o'clock in the afternoon of June 1, 1916, plaintiff was driving his own motor truck north and over the crossing mentioned, when he and his machine were struck and injured by a west-bound train of the defendant company. The usual issues of negligence of the railroad company and contributory negligence of the plaintiff were made in the pleadings and contested by facts and circumstances disclosed by witnesses testifying in open court.

We cannot think it necessary to discuss the various assignments of error set out in the record. A motion made at the close of all the testimony to direct a verdict for defendant was denied. No grounds were stated in support of the motion, but they are to be inferred from exceptions reserved to the court's charge and to its refusal of a particular request. It is objected, for example, that one effect of the court's instruction was to permit the jury to find under the evidence that it was negligence on the part of defendant to operate its train over a country crossing, as here, at a speed of 25 to 30 miles an hour. Upon this subject the court charged the jury at some length, saying among other things:

"Ordinarily, if it [railway company] exercises the duty and degree of care required—that is, ordinary care—to notify and to warn persons of the approach of its trains, it may in the open country operate its trains across a highway at any rate of speed it sees fit, consistent with the safety and the operation of its trains; and the rate of speed will not, in and of itself, without other circumstances tending to impose other duties and obligations on the defendant company, constitute an act of negligence."

[1] The petition alleges, and there is testimony tending to show, that at the crossing the train was running 30 miles an hour without having given "warning of any kind of the approach"; that is, that neither the whistle nor the bell of the locomotive was sounded in approaching or passing over the crossing. The petition also alleges that the railroad is maintained in a cut several feet in depth for some distance east of Hawkins road, and that along the south side of the cut the defendant had permitted weeds and shrubbery to grow upon its right of way; and there is also testimony tending to show that as respects trains approaching the crossing from the east the effect of the cut and growth was more or less to obstruct the view of persons approaching the crossing, as plaintiff was, from the south along the Hawkins road. It is true that the testimony as to warning or not by whistle and bell and as to obstruction of view is in conflict; but these features signified conditions naturally affecting the matter of speed,

---

[1] The presence of the Garman road, which extends from the Hawkins road in a northeasterly direction and some 30 feet south of the railroad, and its relation to some of the testimony, are not overlooked; but specific discussion of the testimony in that respect would not be helpful to a right understanding of the opinion.

and, when so considered, it is clear enough, under the motion to direct, that the question of defendant's negligence and its effect in producing the accident were matters for the jury. Robbins, Adm'r, v. Pennsylvania Co., 257 Fed. 671, —— C. C. A. ——, decided by this court March 4, 1919; Zimmerman v. Pennsylvania Co., 252 Fed. 571, 572, 164 C. C. A. 487 (C. C. A. 6); Hales v. Michigan Cent. R. Co., 200 Fed. 533, 536, 118 C. C. A. 627 (C. C. A. 6).

[2] The request made and refused as stated follows:

"If the view of this train, approaching from the east, was obstructed by weeds, shrubs, or trees, or anything else, it was the duty of the plaintiff to stop, if that was necessary, in order to see or hear the approaching train."

This was presented at the close of the general charge, and in its stead the court instructed the jury thus:

"If the situation was such that the plaintiff could not see an approaching train, that imposed upon him a higher degree of care in the exercise of his other faculties to ascertain whether or not a train was approaching. I do not say to you, as a matter of law, that it was his duty to stop his automobile or his vehicle in that situation; but if, not being able to see, and if the noises were such that an ordinarily careful and prudent person would have stopped his car in order to listen before undertaking to cross, then the plaintiff here would be guilty of contributory negligence if he attempted to cross without stopping his car to ascertain whether or not a train was approaching."

[3, 4] These instructions, of course, had reference to the defense of contributory negligence. It will be observed that the instruction refused, as well as the one given in its stead, in terms made the duty of plaintiff to stop before entering upon the track dependent on whether this was necessary to the discovery of the approach or not of a train. Stating the same thing in another way, if an approach could be determined by the sense of sight or hearing, neither instruction purported to impose a duty to stop. Thus far the two instructions are substantially alike. The ultimate difference between them concerned a situation where the question of approach was not clearly determinable without first stopping the motor truck; in that event the request denied imposed the duty to stop as matter of law, while the one given imposed this duty or not according to the standard of ordinary care and prudence. If, then, the evidence was such as fairly to admit of a finding that neither the view was so obstructed nor the existence of noises was such as necessarily to prevent an ordinarily careful and prudent person from discovering the approach of the train, it certainly was not prejudicial error to qualify defendant's request to the extent indicated by the instruction given in its place. It would seem that the safest test of this, to be found in the record, is whether under all the pertinent evidence fair-minded men might honestly draw different conclusions touching the question of caution or fault on the part of plaintiff in approaching and driving upon the track.

Plaintiff appears to have looked and listened with reasonable diligence before entering upon the crossing, but it does not appear that he stopped his machine. It is said that his own testimony "at least tended to show that he was guilty of contributory negligence." This would seem to be true if we consider only what the plaintiff said of the obstruction

to his view as he approached the crossing, and particularly what he said under cross-examination and largely in response to leading questions concerning the effect of some underbrush and small trees upon his view. The extent of the obstruction was a disputed question at the trial. The defendant sought in several ways, among which was the introduction of a map prepared by its own engineer, to show that there was no substantial obstruction to the view; and this attitude of defendant at the trial must be considered in connection with the testimony of the plaintiff, including that elicited through his cross-examination, and indeed with the entire testimony upon the subject.

Moreover, the opportunity to hear the approach of the train is also to be borne in mind in connection with the instruction refused and the one given. It is reasonably clear that the approach of a train was discoverable through the sense of hearing. It is not shown that plaintiff's truck was a noisy machine; he was driving on what defendant's engineer describes as a "cinder road in good condition"—Hawkins road; and while it is true that an automobile overtook plaintiff, sounding its horn, and passed his machine shortly before he reached the track, yet these circumstances were calculated at most to show only momentary diversion of plaintiff's attention and the reasonably low rate of speed at which it otherwise appears he was traveling. Furthermore, defendant filed a motion for new trial based on grounds substantially including the contentions made here; and this is important because of the trial judge's denial of the motion, notwithstanding his opportunity to see the witnesses and hear them when delivering their testimony. It was not the province of the judge to weigh the evidence when passing on the motion to direct, but when he came to consider the motion for a new trial he was required to weigh the evidence. Big Brushy Coal & Coke Co. v. Williams, 176 Fed. 529, 532, 99 C. C. A. 102, and citations (C. C. A. 6). In overruling the motion, Judge Westenhaver said:

"An examination of the brief and authorities therein cited in support of this motion for a new trial leaves me with the opinion entertained during and at the conclusion of this trial, namely, that the plaintiff's contributory negligence was on the testimony a question for the jury, and that the verdict of the jury is not so manifestly against the weight of the testimony that I would be justified in setting it aside."

[5, 6] This is in accord with our own view of the record. We are the more content with this conclusion for several reasons, which it may not be amiss to add. We cannot say, as matter of law, that the conditions call for the application of the exceptional rule which requires a traveler to stop, as well as to look and listen, before entering upon a railroad crossing. The nature of the crossing now in question, the natural conditions surrounding it, and the circumstances attending plaintiff's attempt to pass over it, all combine to differentiate the instant case from the cases relied on by counsel where the more drastic rule to stop, besides looking and listening, was imposed. This is sufficiently illustrated by the facts disclosed and considered by this court in Shatto v. Erie R. Co., 121 Fed. 678, 59 C. C. A. 1; the present Mr. Justice Day having prepared the opinion.

Further, while the trial judge did not permit the circumstance to in-

fluence his instructions to the jury, it is worthy of notice in testing the conduct of plaintiff that only a single track was maintained at and near this crossing, and that the train in question was a special and run in a direction and at a time quite unusual. The plaintiff was familiar, not only with the place, but also with the schedule and direction of regular trains operated along this portion of the track—two in the morning west bound, and two in the evening east bound. The running of the special, it is true, was in itself lawful; but the facts mentioned were admissible as circumstances tending to explain the degree of care and caution prudent travelers with plaintiff's knowledge of the situation would ordinarily exercise—in a word, whether they would stop in addition to looking and listening—before entering upon the crossing. Again, and it scarcely need be said, the long-settled rule of the federal courts is that the burden of proving the defense of contributory negligence rests upon the defendant. Robbins, Adm'r, v. Pennsylvania Co., supra; Harmon v. Barber, 247 Fed. 1, 6, 159 C. C. A. 219, L. R. A. 1918F, 428 (C. C. A. 6); Texas & Pacific Railway v. Volk, 151 U. S. 73, 77, 14 Sup. Ct. 239, 38 L. Ed. 78.

[7] Our consideration of the assignments, those not specially alluded to, as well as those mentioned, convinces us that no reversible error intervened. Counsel seem to overlook the rule that a federal appellate court does not weigh the evidence, though, of course, the court must be satisfied, as we are here, that there is proper evidence which in law is sufficient to support the verdict.

The judgment must therefore be affirmed, with costs.