JOHN ROSS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. STREET RAILWAY: Collision With Wagon: Humanitarian Doctrine: Evidence. A motorman possessed of actual or constructive notice of the situation developed by the evidence in this record, and having the time, space and means to stop his car and failing to do so, is guilty of a negligent violation of the humanitarian doctrine.

2. ———: ———: Right of Way: Demurrer to Evidence. A street railroad has no superior right to its track over an ordinary conveyance save that the latter should get off the track and let its car pass, and a driver is not negligent in being on the track; and on the evidence in this case the driver is held not guilty of contributory negligence as a matter of law.

3. ———: ———: Contributory Negligence: Humanitarian Doctrine. Where a perilous situation arises from the concurring negligence of both parties no action arises for the injured party; and an instruction ignoring the defense of contributory negligence is condemned since it is not restricted in any way to the humanitarian doctrine, the foundation of which is the principle that no person has the right, knowingly or negligently

to injure another where he knows or should know, if he is reasonably careful, that his fellow is in danger of injury at his hands and he possesses the means of removing that danger.

4. **TRIAL PRACTICE:** Conflicting Instructions: Presumption. Where the instructions of the successful party state an erroneous rule and those of the defeated party state the rule correctly the latter cannot be considered as curing the former, a presumption being that the jury discarded the true for the ·false.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Frank G. Johnson* and *C. C. Madison* for appellant.

(1) The court should have sustained the demurrer to the evidence. (a) There was an entire failure of proof of negligence on the part of the motorman as alleged in the petition. (b) The plaintiff was guilty of continuing negligence concurring with any supposed negligence on the part of defendant. Bennett v. Railway, 122 Mo. App. 703; Roenfeldt v. Railway, 180 Mo. 554; Markowitz v. Railway, 186 Mo. 350; Van Bach v. Railway, 171 Mo. 338; Reno v. Railway, 180 Mo. 469; Moore v. Transit Co., 176 Mo. 529. (2) Stated differently, the defendant must have had an opportunity to avoid the injury after the negligence of the injured party, and if the negligence of both concur, there is no liability. Roenfeldt v. Railway, 180 Mo. 554; Bennett v. Railway, 122 Mo. App. 703; Markowitz v. Railway, 186 Mo. 350; Simms v. Railway, 92 S. W. 919; Clancy v. Transit Co., 192 Mo. 615; Getty v. Transit Co., 103 Mo. App. 571; Cole v. Railway, 121 Mo. App. 605; Ross v. ·Railway, 114 Mo. App. 605; Moore v. Railway, 176 Mo. 529. (3) The court committed error in giving plaintiff's instruction number three. Wallack v. Transit Co., 123 Mo. App. 160, 100 S. W.

496; Reno v. Railway, 180 Mo. 469; cases under point 1 of this brief; Hensler v. Stix, 113 Mo. App. 181; Shepherd v. Transit Co., 189 Mo. 362.

*Frederick J. Chase* and *George H. Smith* for respondent.

(1) In passing on a demurrer to the evidence, the court will give to plaintiff's evidence—direct and inferential—every reasonable inference fairly deduced therefrom. Charlton v. Railway, 200 Mo. 441; Gratiot v. Railway, 116 Mo. 466; Campbell v. Railway, 175 Mo. 172; Holloway v. Kansas City, 184 Mo. 29. (2) The question of defendant's negligence and plaintiff's contributory negligence should be submitted to the jury when the facts are such that reasonable men may fairly differ on the question. Railway v. Ives, 144 U. S. 408; Deitring v. Transit Co., 109 Mo. App. 541; Reed v. Railroad, 107 Mo. App. 246; Walker v. Railway, 106 Mo. App. 321. (3) A few cases are here cited, having many features similar to the case at bar in which the courts have allowed the case to go to the jury on the question of defendant's negligence, and plaintiff's contributory negligence. White v. Railroad, 202 Mo. 562; Twelkemeyer v. Transit Co., 102 Mo. App. 190; Agnew v. Railway, 102 S. W. 1041; Klockenbrink v. Railroad, 172 Mo. 678; Bensick v. Transit Co., 102 S. W. 587; Zamber v. Transit Co., 103 S. W. 1006. (4) The instructions of the court must be taken together. They constitute the whole charge, and if taken as a whole, they present the issues fairly, and are not calculated to mislead the jury, they are unobjectionable. Kennedy v. Transit Co., 103 Mo. App. 1; Liese v. Meyer, 143 Mo. 560; Barrie v. Transit Co., 119 Mo. App. 51.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Verdict and judgment were for

plaintiff in the sum of $870. The injury occurred on the morning of September 29, 1903, on Main street in Kansas City at a point just north of the north line of Missouri avenue, a cross street. As a part of its street railway system in Kansas City, defendant operates a single-track line on Main street over which it runs only north-bound cars. Plaintiff was driving a wagon loaded with two tons of coal and was accompanied by a man to help in unloading. He drove south on Main street and as he approached Missouri avenue, his team and wagon were over the west rail of defendant's track. He and his witnesses state that he was compelled to drive along the track by the presence on the street of a large number of other vehicles. Observing a street car coming from the south, he attempted to go over to the west of the track but was prevented from so doing by the fact that he was hemmed in by other vehicles and, besides, his team could not be made to move with celerity on account of the heavy load. Plaintiff testified: "Well, I pulled over as near to my side as I could get and commenced driving looking for an opening and as the car neared me I seen about a ten or twelve foot space in front of me and so I made for that and commenced whipping the horses and made for that and beckoned for him (the motorman) to check up because I seen I could not get out of his way unless I did make it with that opening and I kept whipping up and he kept coming on, so I run my horses in behind that other team there and that was as far as I could get and I hollered at him as he came closer and he just kept on coming. . . . When he got close enough, I says, 'Why don't you stop that car? Don't you see I can't get out of the way?' And he just kept coming." "Q. What happened then? A. Why, when he hit the wagon, it knocked me off." The car ran at a speed of three and a half to four miles per hour on a slightly descending grade and no effort was made by the motor-

man to check speed until about the time of the collision. The facts just stated are taken from the evidence most favorable to plaintiff.

On behalf of defendant, the evidence discloses a different state of facts. Witnesses say plaintiff was driving on the east side of the track, that the street was not crowded and that plaintiff suddenly and without compulsion, turned his team to the west, attempted to cross in front of the car when it was so close that a collision could not be avoided and that the motorman, as soon as he discovered the purpose of plaintiff to cross over, made every effort to stop the car and did succeed in greatly reducing its speed.

It is alleged in the petition that the injury was "directly caused by the carelessness and negligence of defendant, its agents, servants and employees in this, to-wit, that the servants and agents of defendant in charge of said car carelessly, negligently and unskillfully managed, controlled and operated said car and caused it to collide with plaintiff's wagon. 2nd. That the motorman in charge of said car saw, or by the exercise of, ordinary care could have seen, plaintiff in a position of peril on said track, and could by the exercise of ordinary care have stopped or slackened the speed of said car in time to have avoided injuring plaintiff, but negligently failed to do so. 3rd. That the defendant carelessly and negligently operated said car at the time and place of the accident and collision at a high and dangerous rate of speed." The answer contains a general denial and a plea of contributory negligence. Demurrers to the evidence offered by defendant were overruled and, at the request of plaintiff, the jury were instructed, in part, as follows:

"The jury are instructed that if you believe from the evidence that on or about the 29th day of September, 1903, at about 8:15 a. m., the plaintiff was driving a coal wagon in a southerly direction on Main street,

between Missouri avenue and Fifth street in Kansas City, Missouri, and that while so driving, the defendant's servants and agents in charge of a north-bound car, on said Main street, caused and suffered said car to collide with plaintiff's said wagon, thereby throwing plaintiff to the ground, and injuring him; and if you further find from the evidence, that the motorman in charge of said car, as it approached said wagon, saw, or by the exercise of ordinary care, could have seen, said plaintiff on said wagon, on or near defendant's tracks, and in danger of being injured by said car, and thereafter by using reasonable care to stop said car or slacken its speed, with the means and appliances at hand, and with safety to the passengers, could have prevented said collision and negligently failed to do so, then your verdict should be for the plaintiff.

"The jury are instructed on behalf of plaintiff, that neither the defendant or plaintiff had the exclusive right to use the street, where the accident occurred, and that it was the duty of the motorman in charge of defendant's car, to manage it with reasonable care to avoid injuring persons driving along, and upon the street and tracks, and by reasonable care is meant, such care as an ordinarily prudent person would use under the same or similar circumstances.

"3. The jury are instructed that although you may believe from the evidence, that plaintiff was himself guilty of negligence in driving along or across the track of defendant at the time and place of the collision mentioned in evidence, that alone will not discharge the company or its employees from the observance of reasonable care in the management of its cars."

Defendant argues that its request for a peremptory instruction should have been granted for the reasons, first, "that there was an entire failure of proof of negligence on the part of the motorman as alleged in the petition," and, second, that "the plaintiff was guilty

of continuing negligence concurring with any supposed negligence on the part of defendant." From the standpoint of facts presented by the evidence of plaintiff, which we must adopt in the consideration of the questions of law arising from the demurrer to the evidence, we think the negligence of the motorman is apparent. He saw, or had he been exercising reasonable care, should have seen the team and wagon on the track, the efforts of plaintiff to drive off and the obstacles in the way, in time to have averted the injury by stopping the car. But he made no effort to stop and ran recklessly into the collision. The course of street cars being confined to the tracks on which they run requires drivers of other vehicles, when meeting a car, to leave the track to permit the car to pass, and motormen are justified (nothing to the contrary appearing) in assuming that reasonable attention will be given to the performance of such duty. But when it is obvious that a driver is prevented by his surroundings from leaving the track or even is unreasonably dilatory in doing so, it becomes the duty of the motorman to employ all reasonable means to avoid a collision. The principles and dictates of humanity call for nothing less from the operators of such powerful and dangerous instrumentalities as the modern street car. The facts before us are different in essential particulars from those considered in Bennett v. Railway, 122 Mo. App. 703. There, we held that when there was nothing in the appearance of the plaintiff to indicate to a reasonably observant person that he was in peril on account of his inattention to his own safety, the motorman was justified in assuming that he was giving proper heed and would get out of the way in time. Here appearances combined to warn a reasonably careful and prudent person in the position of the motorman that plaintiff was in a pocket from which he could not escape in time to avoid a collision. Pos-

sessed of actual or constructive knowledge of this situation and having time, space and means to stop the car, the motorman, in failing to make reasonable use of his opportunity was guilty of a negligent violation of humanitarian duty.

And from the viewpoint we are occupying for the purposes of the demurrer, it likewise is apparent that plaintiff should not be denied recompense for his damage on the ground that he was negligent in law. Either from necessity or choice, he had the right to drive along that part of the street occupied by defendant's track, until a car appeared. The streets of a city are for the use of all sorts and classes of people and no individual or corporation may possess any superior right of way over that which others may exercise. [Cole v. Railway, 121 Mo. App. 605.] The obligation imposed on plaintiff to leave the track in order that the car might pass did not arise from any superior right of defendant to that part of the street, but sprung from necessity. As we observed before, the course of a street car is restricted to its tracks, while the whole roadway is open to the use of wagons. Certainly in meeting, wagons must leave the track; otherwise they would entirely block the way of cars and thus, themselves, assert a paramount right to the use of that part of the street covered by the railway. In being where he had the right to be, plaintiff was not negligent and, as his evidence shows that immediately on the appearance of the car, he did all he could to avoid obstructing its passage, we fail to perceive any reason for pronouncing him negligent in law. The learned trial judge was right in overruling the demurrer to the evidence.

But prejudicial error was committed in the giving of plaintiff's third instruction. In effect, the jury were told that negligence of plaintiff would not bar his right to recover if the jury found that defendant had been negligent. This is not the law. If the peri-

lous position of plaintiff resulted in part from his own negligence and in part from the negligence of defendant, the latter negligence would give him no cause of action. This rule is too well settled to require the citation of authorities. It is only where we find that the operator of a car negligently has failed to obey his humanitarian duty that we eliminate from consideration the negligence of the plaintiff that aided in placing him in the position of danger, and hold that the negligent failure to stop the car after its operator knew or should have known of the presence of the danger "engrosses the entire field of culpability and eliminates contributory negligence as a factor in the production of the injury." [Cole v. Railway, 121 Mo. App. 605.]

The instruction under consideration practically ignores *in toto* the defense of contributory negligence. Thus instructed, the jury, under the pleadings and evidence in the record before us well might have found as a fact that the motorman was not guilty of any breach of duty to plaintiff, after he knew, or in the exercise of reasonable care should have known of the existence of danger, but had been negligent in a way to aid in the production of the danger. The vice of the instruction lies in the omission to restrict the application of the principle stated therein to what we may call humanitarian negligence. So restricted, we think the instruction would have declared a sound rule of law, since logically, it would be absurd to say that the consequence to defendant of the negligent failure of the motorman to stop the car after he knew of the presence of the danger should be removed or softened by the fact that plaintiff had been "guilty of continuing negligence concurring with . . . negligence on the part of the defendant." It is the very fact that the person in danger has been and perhaps is negligent that calls the rule of the humanitarian doctrine into play. The foundation of that doctrine is the principle that

no person has the right, knowingly or negligently to injure another when he knows, or should know, if he is reasonably careful, that his fellow is in danger of injury· at his hands and he possesses the means of removing that danger.

Counsel for plaintiff argue that instructions given at the request of plaintiff, read as a whole, properly restrict the scope of the instruction under consideration, but we do not think so. Further, they say that defendant's instructions declare the correct rule and thereby cure the error. Where the instructions of the successful party state an erroneous rule and those of the defeated party state the rule correctly, the latter should not be considered as curative of the former. The only presumption permissible in such cases is that, as the instructions are conflicting, the jury discarded the true for the false.

It follows that the judgment must be reversed and the cause remanded. All concur.