MAY NICHOLS BROOKS, as Executrix, etc., of EDWARD F. BROOKS, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Second Department, March 23, 1917.

Railroad — negligence — duty to stop automobile before reaching grade crossing — practice — effect of failure to refer to particular points in opinion or decision — reargument — leave to appeal to Court of Appeals.

The rule that an automobile should be stopped before reaching a grade crossing at which a view of the track is obstructed, established by Federal decisions and those of Massachusetts, is not applicable in this State.

The omission in an opinion or decision to refer to particular points does not justify any inference that they have been overlooked.

Motion for reargument and for leave to appeal to the Court of Appeals denied.

MOTION by the defendant, Erie Railroad Company, for a reargument or for leave to appeal to the Court of Appeals in the matter of an appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 31st day of January, 1916, upon the verdict of a jury for $25,000, and also of an order entered in said clerk's office on the 7th day of February, 1916, denying defendant's motion for a new trial made upon the minutes.

*Bacon & Rorty*, for the motion.

*A. H. F. Seeger*, opposed.

PER CURIAM:

Although our decision of February second (177 App. Div. 894) did not mention the points urged by appellant, which are now offered as a ground for granting a reargument, none had been overlooked by the court.

As to whether Dr. Brooks could have seen this approaching train, the court charged: " If you find he had 31 feet from the edge of the bank, or whatever distance it was, a reasonable distance, and that he could, in the exercise of reasonable prudence at this time, have stopped this car, your verdict must be for the defendant. But if you find that there was such a short distance, and that when the train came in sight the decedent did not stop his car because there was such a short distance from the line of vision, and that he did everything under the existing circumstances, keeping these measurements in your mind, that a reasonably careful, prudent person would do under all the existing circumstances, you may say — not that you should do so — but you may, you have the power to say, that he was free from contributory negligence."

As to this, appellant urged that (a) the view in the direction of this train was opened to plaintiff's decedent when the car was thirty-one feet from the track; (b) that the better rule of law is, that an auto approaching such a grade crossing should stop, even if the driver cannot see by reason of any obstruction. While Mr. Robinson made this open view begin at a point thirty-one feet away, many of plaintiff's witnesses testified that this bank was much closer to the track. On account of changes in the terrain after this accident, this issue cannot now be certainly determined. As to the duty to stop before getting on the crossing, Mr. Justice MORSCHAUSER gave full instruction regarding what the jury might find was the decedent's duty, but said that the law did not always make it mandatory to stop at such a crossing. Federal decisions (*Brommer* v. *Pennsylvania R. Co.*, 179 Fed. Rep. 577) and those of Massachusetts (*Chase* v. *New York Central & H. R. R. R.*, 208 Mass. 137) hold that an auto should be stopped

before reaching such a crossing. That strictness, however, has not yet been held in this State. We are not at liberty to lay it down here. Hence no error appeared in thus submitting this question to the jury.

The issue as to removal of this embankment between the wall and the railroad track was touched upon in the cross-examination of Mr. Storms, the section foreman. The court, however, took this from the jury at the close of the case, in which both counsel acquiesced.

The omission in the opinion or decision to refer to particular points does not justify any inference that they have been overlooked. (*Terry* v. *Wait*, 56 N. Y. 91.)

The motion for reargument is denied. The motion for leave to appeal to the Court of Appeals is also denied.

THOMAS, STAPLETON, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.