BEN F. WARE, Appellant, v. MARTIN FLORY et al., Respondents.

Kansas City Court of Appeals, February 18, 1918.

1. **HUSBAND AND WIFE:** Domicile: Right of Husband to Fix: Presumption. The husband, as the head of the family, has the right to fix the domicile or matrimonial residence without the wife's personal agreement or consent thereto, and the wife is bound to follow her husband when he changes his residence, provided the change is made by him in the *bona fide* exercise of his power. The law presumes that the domicile of the husband is the domicile of the wife and that the residence of the wife follows that of the husband.

2. **ATTACHMENT:** Intent to Leave the State. Since the husband can change his domicile without obtaining the wife's consent, and the wife's residence follows and coincides with that of her husband, his intention to change the domicile determines her intention to change in the absence of any showing that the wife refused to recognize or abide by the husband's intention. Hence, in such case, in order to sustain an attachment on the ground of an intent to leave the State, the attaching creditor need only show the husband's intention in that regard without showing similar intention on the part of the wife.

3. ———: ———: Affidavit: Pleading. The fact that the pleading or statement in the affidavit for attachment, said that defendants, who were husband and wife, were about to remove their property out of the State with intent to change their domicile, did not, in the absence of any showing that the wife refused to recognize or abide by her husband's decision, require proof as to the formation of a personal intention on the wife's part to change. If such was an allegation as to the wife's intention it was merely a pleading thereof according to its legal effect.

Appeal from Livingston Circuit Court.—*Hon. Arch P. Davis*, Judge.

REVERSED AND REMANDED.

*Frank Sheetz* and *S. L. Sheetz* for appellant.

*J. M. Davis & Son* for respondents.

TRIMBLE, J.—Appellant sued respondents, who are husband and wife, upon their joint note, and in aid of that action secured a writ of attachment and garnisheed money belonging to the husband in the hands of another. The appeal is from the attachment branch of the case.

One of the grounds alleged in the affidavit for attachment was: "That the defendants are about to remove their property and effects out of the State of Missouri with the intent to change their domicile."

The issue which appellant tried and upon which he submitted his right to an attachment was whether or not the husband, Martin Flory, was about to remove out of the State with the intent to change his domicile at the time of the attachment. All of the evidence showed that the defendants were living together as husband and wife. There was a very strong showing by appellant's evidence in support of the charge relied upon as ground for the attachment. Indeed, it is practically unquestioned that the defendant, Martin Flory, had moved his family from the farm into town and had left them there temporarily while he went to Kansas to secure a home for himself and family. Defendants,

over the objection of appellant, introduced evidence to the effect that the wife did not want to go to Kansas, and that she had not formed an intent to go. There was no evidence that the wife refused to go nor evidence that the husband, having intended to go, changed his mind because of any disinclination or refusal, on the wife's part, to go. At the outset of the trial and throughout, the appellant took the position that, as defendants were husband and wife, if the husband intended to change his domicile, then his intention was the determining issue and that, under the law, the wife's intention or desire followed and coincided with that of her husband. There was no evidence that defendants had separated or intended to separate, or that the wife refused to go, or that the husband had abandoned his intention because thereof.

In defendants' instruction 1, the jury were told that the burden was upon plaintiff to prove that both defendants intended to leave the State; and the latter part of defendants' instruction No. 4 required proof that both intended to leave the State. This was in conflict with the instructions asked by appellant. The modification of plaintiff's instruction No. 3 by inserting the words "against both defendants" accentuated this conflict and would still further lead the jury to think that the attachment could not be sustained unless it was established that the wife also had formed a personal and individual intention on her part to remove to Kansas.

The husband, as the head of the family, has right to fix the domicile or matrimonial residence without the wife's personal agreement or consent thereto, and the wife is bound to follow her husband when he changes his residence, provided the change is made by him in the *bona fide* exercise of his power. [15 Am. & Eng. Ency. of Law (2 Ed.), 812; 21 Cyc. 1150.] The law presumes that the domicile of the husband is the domicile of the wife and that the residence of the wife follows that of the husband. [State ex rel. v. Wurdeman, 129 Mo. App. 263, 276-7.] Since the husband has the

right to change his domicile without obtaining his wife's consent, and since the wife's residence follows and coincides with that of the husband, it would seem that his intention to change the domicile determines her intention to change in the absence of any evidence showing that the wife refused to recognize or abide by the husband's intention or decision. There was no such evidence. All that the evidence showed was that she did not want to go and that she herself had not formed an intention to go. But there was no evidence tending to show that she was going to remain in Missouri regardless of her husband's intention or wish, nor was there any evidence that he abandoned said intention because of his wife's feelings on the subject. In other words, under the evidence, the intention of the husband was, in legal effect and contemplation, the intention of the wife. The fact that the pleading, or statement in the affidavit, said that the defendants were about to remove their property out of the State with intent to change their domicile did not, in the above state of the evidence, require proof as to the formation of a personal intention on the wife's part to change. If it was an allegation as to the wife's intention it was merely a pleading thereof according to its legal effect.

Instructions Nos. 1 and 4 for the defendant, therefore, stated an erroneous rule and were in conflict with those asked by plaintiff which were correct as applied to the facts in the case. The latter cannot be regarded as curative of the former. [Ross v. Metropolitan St. Ry. Co., 132 Mo. App. 472, 481.] Certainly plaintiff's instruction No. 3, as modified, could not cure anything. The fact that a part of defendants' instructions may be correct does not cure the error caused by their other instructions that were incorrect. [Standard Oil Co. v. Myer Bros. Drug Co., 74 Mo. App. 446.]

The modification of plaintiff's instruction No. 1 by inserting therein as a definition of the word "domicile" the words "that is, his permanent home" was hardly specific and full enough as applied to the evi-

dence in this case, since it had a tendency to mislead the jurors who would understand the word "permanent" in its popular and usual meaning and who would not know that a present intention to make Kansas a domicile could exist so as to give cause for an attachment even though after removal such intention be changed the next day. Other complaints of error are made but they need not be noticed.

The judgment is reversed and the cause is remanded. All concur.