# T. M. MONROE, Appellant, v. CHICAGO & ALTON RAILROAD COMPANY et al.

### Division One, March 2, 1920.

1. **ABSTRACT: Motion for New Trial.** If the short transcript shows that the motion for a new trial was filed in time, that is sufficient, whether or not the printed abstract of the record proper fails to show it was so filed.

2. **NEGLIGENCE: Speed of Train: In Excess of Ordinance Rate.** If the village ordinance restricted the speed of trains to eight miles an hour the running of a train at the rate of forty-five miles is negligence.

3. ———: **Burden of Proof: Preponderance: Shifted by Statute: Instruction.** After plaintiff, whose automobile was struck at a street crossing by defendant's train, has offered evidence tending to show no signal was given, the statute (Sec. 3140, R. S. 1909) re-

lieves him from the burden of proving that the failure to give the proper signal was the cause of his injury, but supplies the causal connection, and places upon defendant the burden of proving that the violation of the statute did not cause the injury; and, therefore, an instruction given at defendant's request telling the jury that "the burden is upon plaintiff to prove his case by a fair preponderance of the credible testimony introduced, and if a fair preponderance of such testimony is in favor of the defendant, or if it is equally balanced, then it is your duty to return a verdict in favor of defendant," deprived plaintiff of the benefit of the statute, and was erroneous. Even if the instruction could fairly be construed to require plaintiff to prove those facts which the law requires him to establish, that would call for a legal construction of its language, and require the jury to choose between interpretations, which in the administration of justice juries ought not to be required to make.

4. **CONTRIBUTORY NEGLIGENCE: Instruction: Common Error.** An instruction for defendant to the effect that if plaintiff was negligent "and that negligence, if any, contributed in the least degree to his injuries," the verdict must be for defendant, and one for plaintiff, authorizing a recovery upon stated facts, "unless you believe from the evidence plaintiff was guilty of negligence which contributed to his injury," contain the same common vices.

5. ———: **How Far a Bar.** Contributory negligence, to bar recovery by plaintiff, must enter into and constitute some part of the whole negligence which is the efficient or proximate cause of the injury.

6. ———: **Avoiding Approaching Train: Instruction.** An instruction for defendant railroad telling the jury that trains have the right of way at crossings, "and it is therefore the duty of a traveler attempting to cross a railroad track to ascertain, if possible, the approach of a train and keep off of the track, so as to avoid a collision," requires the traveler to exercise ever more than the highest degree of care, in effect is a direction to find for defendant, and would be erroneous in any crossing case which is submissible to the jury.

7. **NEGLIGENCE: Restricting Case to One Negligent Act: Speed and Signal.** An instruction authorizing a verdict for defendant regardless of the failure to give the proper signal, if the jury find the violation of the speed ordinance was "not the real and direct cause of the injury," is erroneous, in view of the evidence that the train was running forty-five miles an hour and no signal of any kind was given.

8. **CONTRIBUTORY NEGLIGENCE: Driving Automobile: Duty to Stop: Question for Jury.** The failure of the driver of an automobile to stop before crossing a railroad track at a public cross-

Monroe v. Chicago & Alton Railroad.

ing does not of itself authorize the court to declare as a matter of law that he cannot recover for injuries sustained in a collision with a train. The statute (Laws 1911, p. 330) requiring him to exercise "the highest degree of care which a very careful person would use under like or similar circumstances" substitutes a higher standard of care than ordinary care, but it does not destroy the principle that before the court can declare contributory negligence is shown as a matter of law such negligence must appear from admitted or clearly proven facts. In spite of the language of the statute, the rule still obtains that, if the facts are not conclusively established, or if reasonable men may honestly differ in inferences to be drawn from the facts, the question whether the requisite care was observed by the driver of the automobile is for the jury.

9. ———: ———: **Highest Degree of Care Defined.** The language of the statute (Laws 1911, p. 330) requiring the driver of an automobile approaching a street crossing to exercise "the highest degree of care that a very careful person would use under like or similar circumstances" does not mean the highest degree of prudence or skill which could be conceived of as possible to man, but the highest degree which has been demonstrated by experience to be practicable.

10. ———: ———: ———: **Inference to Be Drawn From Facts.** Where there is evidence tending to show that, as the driver of an automobile approached a public railroad crossing, his car was under control, that he looked and listened continually, that no signals were given by defendant, that no transient noises or temporary obstructions interfered with hearing or vision, that he did not commit himself to the crossing until the front of his car was very near the track, and then only when he saw no approaching train and saw enough of the track to make it clear beyond doubt that a train running at ordinance speed could not reach the crossing before he had passed safely over it, and that the automatic bell or gong remained silent, though no warning that it was out of order was posted, the court cannot declare as a matter of law that he so failed to exercise the highest degree of care required by the statute as to bar a recovery for his injuries, since reasonable men might honestly believe his conduct satified the statutory requirements.

11. **INSTRUCTION: Susceptible of Different Legal Constructions.** An instruction so drawn as to be susceptible of different legal constructions, and therefore requiring the jury to choose between different interpretations of it, should not be given.

Appeal from Audrain Circuit Court.—*Hon. J. D. Barnett,* Judge.

REVERSED AND REMANDED.

*Fauntleroy, Cullen & Hay* for appellant.

(1) The court erred in giving the instruction for the defendant placing the burden of proof upon plaintiff to show that the violation of the statute, in failing to give signals, was the cause of the accident. McNulty v. Railroad, 203 Mo. 477; Green v. Mo. Pac. Ry. Co., 192 Mo. 142; Huckshold v. Ry. Co., 90 Mo. 556; Kerr v. Bush, 198 Mo. App. 611. (2) The court erred in instructing the jury that any degree of negligence contributing in the least degree, would bar plaintiff's right to recovery. Howard v. Scarritt Estate Co., 267 Mo. 398; Moore v. Rapid Transit Co., 126 Mo. 265; Oates v. Metrop. Street Ry. Co., 168 Mo. 547; Chicago & E. I. Railroad v. Randolph, 65 N. E. 142; Harvey v. C. & A. Ry. Co., 116 Ill. 509. (3) The court erred in instructing the jury that the plaintiff could not recover if he failed to do everything humanly possible, whereas he was required to use ordinary care only. Railway v. Trich, 117 Pa. 390, 2 Am. St. 674. (4) The court erred in instructing the jury that plaintiff could not recover if he discovered the danger when it was too late to stop or to avoid a collision.

*A. C. Whitson* and *Charles M. Miller* for respondents.

(1) Appellant's abstract of the record entries is insufficient to permit this court to review anything but the record proper for the reason that it fails to show that a motion for new trial was filed within four days from the date of verdict and during the term. Huston v. Allen, 236 Mo. 645; Harding v. Bedoll, 202 Mo. 634; Hill v. Butler Co., 195 Mo. 514; Pippard v. Cook, 203 S. W. 236. (2) The verdict and judgment are for the right parties and that the court erred in not peremptorily instructing the jury to return a verdict in favor of the defendants on the ground that plaintiff was guil-

Monroe v. Chicago & Alton Railroad.

ty of negligence as a matter of law, barring any recov-- ery. The cases which bear upon the negligence of the driver of a team at a railroad crossing are not applicable irrespective of this statute to a person driving an automobile over a railroad crossing. Maidment v. Rail- road, 168 Fed. 21, 21 L. R. A. (N. S.) 794; Brommer v. Railroad, 179 Fed. 577, 29 L. R. A. (N. S.) 924; Dernberg v. Railroad, 234 Fed. 405; William v. Rail- road, 102 Kan. 271. If the view was restricted so that plaintiff could not see, he should have stopped his auto- mobile and engine and made observations, which he did not do, and by reason thereof was guilty of negligence. Under the statute he was required to exercise the high- est degree of care, and can it be said he was not guilty of negligence as a matter of law? Osborn v. Railroad, 179 Mo. App. 260; Underwood v. Railroad, 182 Mo. App. 262. See also Kelsey v. Railroad, 129 Mo. 372; Vandeventer v. C. & A., 177 S. W. 834; Stottler v. C. & A., 204 Mo. 619. (3) Defendants' instruction on the burden of proof is correct and proper. The burden of plaintiff is limited to proving "his case." The opinion on its face in the McNulty case is erroneous and should not be applied to the case at bar.

BLAIR, P. J.—This is an action for damages for injuries sustained by plaintiff when his automobile was struck by one of defendant's passenger trains at a street crossing in the village of Laddonia. The verdict and judgment were for defendant, and plaintiff ap- pealed. The facts appear in the opinion.

I. The point is made that the abstract of the record proper fails to show that a motion for new trial was filed in time. The fact is shown by the short transcript, Abstract. and this is sufficient. [State ex rel. Caruthers v. Drainage District, 271 Mo. 429; Mason v. Hutchison, 201 S. W. 593; Pippert v. Cook, 203 S. W. 236.]

II.  A village ordinance restricted the speed of trains to eight miles per hour.  There is evidence the train in question was running at the rate of forty-five miles, or more, per hour, and that no signals of any kind were given.  Defendant does not deny there was evidence tending to show negligence on its part.

**Excessive Speed.**

III.  At defendant's request the court instructed the jury that "the burden is upon plaintiff to prove his case by a fair preponderance of the credible testimony introduced, and if a fair preponderance of such testimony is in favor of the defendant, or if it be equally balanced, then it is your duty to return a verdict in favor of defendant."  The statute in force (Sec. 3140, R. S. 1909) relieved plaintiff, after he offered evidence tending to show no signal was given, from the burden of proving that the failure of defendant to give the proper signal was the cause of his injury.  "The statute supplies the causal connection." [McGee v. Railroad, 214 Mo. 1. c. 544, 545.]  It throws upon defendant the burden of proving the violation of the statute did *not* cause the injury.  [Green v. Railway, 192 Mo. 1. c. 143.]  The causal relation between the violation of Section 3140 and plaintiff's injury is an essential element of his case.  It is no less so because the statute supplies it prima-facie.  When the court told the jury that plaintiff must prove his case by a "fair preponderance of the *testimony*" it deprived him of the benefit of the statute.  [McNulty v. Railroad, 203 Mo. 475; Kerr v. Bush, 198 Mo. App. 1. c. 611, et seq.]  The instruction excludes the presumption the Legislature introduced.  Even if it could be reasoned that the instruction could fairly be construed to require plaintiff to prove only those facts which the law requires him to establish by evidence, yet this conclusion would depend upon a legal construction of the language of the instruction and a choice between interpretations which, in the practical administration of justice, a jury ought not to be required to undertake.  The instruction was errone-

**Burden of Proof.**

ous. Defendant also contends the error was invited. There is in plaintiff's instructions no reference to the burden of proof except in connection with the issue of contributory negligence.

IV. For defendant an instruction was given to the effect that if plaintiff was negligent "and that negligence, if any, contributed in the least degree to his injuries," the verdict must be for defendant. In another instruction the words "in any degree" appear instead of the words "in the least degree." In instructions for plaintiff a recovery was authorized upon stated facts, if found, "unless you believe from the evidence plaintiff was guilty of negligence which contributed to his injury," etc. The vice of plaintiff's instructions is the same as that of defendant's, and of invited or common error complaint may not effectually be made. On another trial these errors can be avoided. Contributory negligence, to bar a plaintiff, must enter into and constitute some part of the whole negligence which is the efficient or proximate cause of the injury. [Howard v. Scarritt Estate Co., 267 Mo. 398; Oates v. Railway, 168 Mo. 547.]

*Contributory Negligence.*

V. One of defendant's instructions was to the effect that trains have the right of way at crossings "and it is therefore the duty of a traveler attempting to cross a railroad track to ascertain, if possible, the approach of a train and keep off the track so as to avoid collision." In defendant's brief it is said this means "if by looking and listening he would have been aware of the approaching train and could thereby have avoided the injury." It seems to us this instruction goes further than to require even the very highest degree of care. It is, in effect, a direction to find for defendant. It is always *possible* for one about to cross a railroad track to discover whether a train is approaching. In any crossing case which is to be submitted to a jury at all this instruction would be erroneous.

*Avoiding Train.*

VI. Instruction six authorizes a verdict for defendant, regardless of the failure to give the proper signal, if the jury find the violation of the speed ordinance was "not the real and direct cause" **Restricting Case to One Act.** of injury. There are other errors in the instructions given for defendant, and in some given for plaintiff, but these fall within principles announced in this opinion, or are of such character that they are correctible by the application of simple principles, and need not be considered in detail.

VII. Defendant contends plaintiff was guilty of contributory negligence as a matter of law, and the judgment must therefore be affirmed, regardless of errors on the trial. "The rule, however, in regard to contributory negligence of the injured party remains the same in this class of cases as in others." [McGee v. Railroad, 214 Mo. l. c. 544, 545; Kerr v. Bush, supra.] Defendant's argument is that (1) the statute (Laws of 1911, p. 330) imposed upon plaintiff a high degree of care; (2) the driver of an automobile, because of the nature of his vehicle, is subject to a stricter rule than applies to the driver of a horse-drawn vehicle, and a stop before crossing a railroad track is an absolute prerequisite to a recovery for injuries suffered there; (3) the obstructions at the crossing imposed an absolute duty to stop; and (4) the evidence conclusively shows that had plaintiff looked he must have seen.

Unless contributory negligence conclusively appears in such way that the trial court would have been justified in directing a verdict for defendant, this contention cannot be sustained. In this State it is the rule that it is the duty of one about to cross a railroad track to look and listen "and sometimes to stop in order the better to see and hear, yet it is not always incumbent upon him to stop for that purpose; whether he should do so in a given case depends on the circumstances, and if it is doubtful the jury are to judge of it." [Campbell v. St. Louis Ry. Co., 175 Mo. 161; Stepp v. Rail-

way, 211 S. W. 730.]   The case last cited applies this
rule to automobiles and cites other like cases.  In Jack-
son v. Railroad, 189 S. W. 381, the rule was applied by
this court to a motor cycle.

In this case there was evidence tending to show that
the train was running through Laddonia at a speed of
forty-five miles or more per hour, in violation of a valid
ordinance (Sec. 9436, R. S. 1909; Robertson v. Rail-
way, 84 Mo. 119) limiting the speed of trains in that
village to eight miles per hour; that no signal by either
bell or whistle was given; that an automatic gong at
the crossing, where the injury occurred, was not ring-
ing; that plaintiff approached the crossing at a speed
of four miles per hour; that he listened and heard
nothing; that he looked west and saw no train; looked
east as soon as he could after approaching near enough
to the track for him to be able to see beyond cars upon
a siding or spur track, and saw nothing; that he could
see from this point over one hundred and forty feet of
the track and could have seen the train, had it been
there, at some greater distance; that at this time the
front wheels of his automobile were about twenty feet
from the track; that had the train been running at or
near ordinance speed his automobile, moving four miles
per hour, would have cleared the track before the train
could have reached the crossing; that he then saw
nothing to indicate the approach of a train and listened,
but heard no signals or train noises; that no transient
noises interfered with his hearing the train; that when
plaintiff reached a point where he could see three hun-
dred and twenty or more feet down the track he could
have stopped his automobile in time; that he was look-
ing alternately east and west; that seeing no train
within a distance of over three hundred feet and hear-
ing no warning noise he then committed himself to the
crossing; that the train would not have struck him had
it not been running far in excess of ordinance speed;
that he almost crossed safely, the rear of the automobile
being struck by the engine.

(a)   There is no doubt that under the rule applied to horse-drawn vehicles these facts would have made the question of contributory negligence one for the jury. The courts of Pennsylvania hold that a failure of the driver of an automobile to stop before crossing a railroad track bars an action for injuries he may receive. In that State, however, the same rule is applied to all vehicles and was so applied before automobiles came into use.   The argument upon which those decisions rest ·is rejected in this State, as cases already cited show, and, unless we are to change our long established rule, cannot aid us in this case.   Defendant adverts to the fact that in some states statutes have been enacted which require automobiles to stop in every case before crossing railroad tracks. Such statutes indicate a legislative belief that without such statute no such rule is in force.   Two decisions of the Circuit Court of Appeals of the Third Circuit (Brommer v. Railroad, 179 Fed. 577; New York Central v. Maidment, 168 Fed. 21), hold that if one fails in any case to stop before driving an automobile upon a railroad crossing he is guilty of contributory negligence as a matter of law.   Other courts refuse to follow these decisions. In Walters v. Railroad, 47 Mont. 501, the Supreme Court of Montana said: "Both of the decisions just cited" (Brommer and Maidment) "emanated from the Circuit Court of Appeals of the Third Circuit speaking through Judge BUFFINGTON, and they proceed upon the mistaken ideas that a railroad has some sort of a paramount right to the use of a public highway crossing, and that whether a citizen using the highway on approaching such crossing must stop, look and listen depends upon the motive power he is using and·its amenability to control; whereas the true rule, as we understand it, is that the citizen has an equal right with the railway company to use the crossing, and the amenability to control of the motive power he is using bears more properly upon how near he may come to the place of danger before taking the precautions that common prudence generally requires.   Of these cases nothing further need be said than this:   If

they are to be taken to hold, in the absence of express statute, that it is contributory negligence as a matter of law for the driver of an automobile not to stop, look and listen before using a highway crossing, without regard to whether ordinary prudence would require such a course, they are contrary in spirit to the rule announced by the superior authority of the Supreme Court of the United States (Grand Trunk Ry. Co. v. Ives, 144 U. S. 408), are against the weight of general decision (Texas, etc., Ry. Co. v. Hilgartner, 149 S. W. 1091, and other cited cases) and are in conflict with the settled rule in this State" (citing cases). In Lockridge v. Railway, 161 Iowa, l. c. 85, the Supreme Court of Iowa held that the failure of the driver of an automobile to stop before crossing a railroad track did not of itself bar the action; that whether the driver should have stopped "depends so much upon the peculiar conditions by which he is surrounded that, save in cases exceptionally free from doubt, the question of contributory negligence must be left to the jury, and an instruction that the failure to stop, look and listen at all points in his passage over railway crossings is contributory negligence, is erroneous." In Pendroy v. Railway, 17 N. D. 433, the court reached a like conclusion in a similar case, as did the Appellate Division of the Supreme Court of New York in Brooks v. Railroad, 177 App. Div. 290. Other decisions are to the same effect. [Hawkins v. Railway, 168 N. W. 234; Nichols v. Railroad, 168 N. W. 1046; Vascacillas v. Southern Pac. Co., 247 Fed. l. c. 11; L. & N. R. Co. v. Treanor's Admr., 179 Ky. 337; Kent v. Railway, 183 Pac. 87; Fuller v. Railway, 173 N. W. 137; Railroad v. Schneider, 257 Fed. 675; Edwards v. Railway, 171 N. W. 873; Railway v. Wishard, 186 Ind. 262.] In Railroad v. Dove, 184 Ind. l. c. 455, 456, the Brommer and Maidment cases are referred to. The court holds that it is not the duty of one driving an automobile over a railroad crossing to stop in every case and under all circumstances, as a matter of law, in order to escape the bar of contributory negligence. It is said: "The fact

that one is driving an automobile may have an influence on the question of contributory negligence, just as the number and quality of horses and the kind of vehicle one is driving may have; but the standard of care to be used which is necessary to absolve from contributory negligence is the same'' for all. The great weight of authority is with this view. [Huddy on Automobiles, sec. 567; Berry on Automobiles, sec. 419.] We think better reason supports it. The character of the vehicle is relevant to the question whether its driver was in the exercise of the requisite care for his own safety.

(b)    The decisions cited above were in cases in which the driver of an automobile was required by the applicable rule to exercise ordinary care for his own safety. In this case, under the decision in Threadgill v. United Rys., 214 S. W. 161, a different standard of care applied to plaintiff, i. e. "the highest degree of care which a very careful person would use under like or similar circumstances.'' In that case it is held this is the result of the statute. [Laws 1911, p. 330.] The effect of this act, as construed, is to substitute a higher standard of care for that of ordinary care. It does not destroy the principle that before the court can declare contributory negligence is shown as a matter of law such negligence must clearly appear from admitted or conclusively proved facts. If the facts are not conclusively established, or if reasonable men honestly may differ in inferences drawn from such facts, then the question whether the requisite care was observed by the driver is for the jury. In all other than cases in which contributory negligence thus conclusively appears, it is the duty of the jury, in the light of all the facts, to test plaintiff's conduct, as to this issue, by the applicable standard of care, be it high or low. The ''highest degree of care that a very careful person would use under like or similar circumstances,'' which the statute (supra) prescribes, does not mean ''the highest degree of prudence or skill which could be conceived of as possible to man. They are only held to the highest degree which has been demonstrated by ex-

perience to be practicable.'' [1 Shearman & Redfield on Negligence (6 Ed.), sec. 51.] Even in criminal cases, in which a reasonable doubt frees the accused, the case goes to the jury if the State has offered substantial evidence, and the jury then determine whether such evidence satisfies them beyond a reasonable doubt. If they so find, this court does not assume to set aside the verdict because there is not more than substantial evidence to support it. We cannot say, in this case, that reasonable men might not honestly believe plaintiff's course satisfied the requirement of the statute. That he approached the crossing with his car under control, that he looked and listened continually, that no signals were given by defendant, that no transient noises or temporary obstructions interfered with hearing or vision, that plaintiff did not commit himself to the crossing until the front of his car was very near the track, and then only when he saw no approaching train and saw enough of the track to make it clear beyond doubt that a train running at anything like ordinance speed could not reach the crossing before he had passed safely over it, and that the automatic crossing bell or gong remained silent, though no warning that it was out of order was posted—all this could have been found from the evidence. In view of this we think it was for the jury to determine whether plaintiff was guilty of contributory negligence, and whether such negligence, if found, entered into and constituted some part of the whole negligence which was the efficient or proximate cause of his injury. [Howard v. Scarritt Estate, supra.] If this is not true, then juries are to disappear from most crossing cases involving automobiles. We do not mean to be understood that the facts recited are established or that the jury ought to find them. We merely hold there is evidence which would, if believed, authorize such findings.

The judgment is reversed and the cause remanded. All concur.