FRITZ LUDWIG, Appellant, v. CARRIE B. CARR, now CARRIE B. CASTLEBERRY, Respondent.

Springfield Court of Appeals, May 8, 1922.

1. **HOMESTEAD: Widow, by Second Marriage, Does not Forfeit Her Homestead.** A widow, being the owner in fee of land and occupying it as a homestead, does not by a second marriage forfeit her right to hold it as exempt.

2. ———: **On Widow's Remarriage, Abandonment Must be Shown to Deprive Her of Homestead Benefits.** Since the remarriage of a widow does not deprive her of homestead exemption, abandonment by her must be shown to deprive her of its benefits.

3 ———: **Evidence Warranted Conclusion that Widow did not Abandon Homestead.** In an action against a husband and wife, where, after husband's decease, execution issued and was levied on land

claimed by the wife as a homestead, notwithstanding her second marriage and temporary moving to another State, evidence *held* to show no abandonment of homestead.

Appeal from Howell County Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*J. L. Bess* for appellant.

(1) In this case the plaintiff abandoned all homestead rights when she left the State and she cannot be permitted to return to the land after levy and reclaim it as such. White v. Lee, 204 S. W. 936; St. Louis B. Co. v. Howard, 150 Mo. 445; 21 Cyc. 1150. (2) When she left the State and was married to a non-resident of this State, the husband's residence became the residence of the wife and she lost her residence in this State thereby. State ex rel. v. Wurdeman, 129 Mo. App. 263; Ware v. Flory, 199 Mo. App. 60; Stotesberry v. Kirtland, 35 Mo. App. 148; Victor v. Grimer, 118 Mo. App. 592; Thompson on Exemptions, sec. 279; Block v. Tarrent et al., 122 Ky. 138; 12 A. & E. Ann. Cases, 1. c. 786; 15 Am. & Eng. Ency. of Law (2 Ed.), 812. (3) A mere vague and indefinite intention to return at some time and under certain possible contingencies will not suffice to prevent removal from constituting an abandonment. Snodgrass v. Copple, 131 Mo. App. 346, 111 S. W. 845; Hornbeck v. Brown, 91 Iowa, 316, 59 N. W. 33; Paul v. Paul, 136 Mass. 286; Buck v. Conlogue, 49 Ill. 391.

No brief for respondent.

COX, P. J.—This case came here upon appeal by plaintiff from the action of the trial court in sustaining in part, a motion to quash the levy of an execution.

The plaintiff had obtained judgment against defendant and her former husband; had an execution issued and levied upon forty acres of land and a town lot

in the city of West Plains in Howell County as the property of this defendant. The motion to quash the levy of this execution recited that defendant was the head of a family and had a minor child dependent upon her and claimed all property levied on exempt as a homestead. The court, after hearing the evidence, found in her favor as to the forty acres of land and overruled her motion as to the town lot. Plaintiff appealed, so the only property involved here is the forty acres of land. The case was tried in the court below on the one question of the abandonment of the homestead and that is the only question presented by appellant here.

The defendant was the only witness examined and she testified that she married her present husband, Mr. Castleberry, at Stroud, Oklahoma, on May 3, 1921, and lived with him there until sometime in August, 1921, when they separated and about September 6th, she returned to Springfield, Missouri, and secured work. While in Springfield, she learned that her property had been levied on and she then had the motion to quash the levy filed. That before she went to Oklahoma to marry Mr. Castleberry, she was living on this forty acres and had a sale and sold some of her personal property but that she retained a horse, a cow, brood sows and chickens and all the household goods except one chair and a churn. That she reserved two rooms in the house and that when she left, she intended to come back. That it was not her intention to change her permanent residence but that she intended to come back when she left. Some of her answers to questions might be construed as tending to show a different purpose, but since the court found in her favor, we must assume that the court found the facts to be such as would be most favorable to her contention. She left a son on the farm in charge of the property. This son afterward moved to West Plains, then a neighbor had charge of the property for her.

Mrs. Carr, being the owner in fee of the land and occupying it as a homestead prior to her marriage to

her present husband, did not, by that marriage alone, forfeit her right to hold the homestead exempt as against her debts. [Spratt v. Early, 169 Mo. 357, 369, 69 S. W. 13.]

The homestead exemption is provided chiefly for the benefit of those dependent upon the person to whom the exemption is allowed. If, then, defendant had a minor child dependent upon her as alleged in her motion and which is practically conceded by reason of the fact that the only issue on the hearing below was abandonment, then that child ought not to be deprived of the benefits resulting to it from the exemption allowed its mother by the marriage alone, for the new husband of its mother was not legally bound to furnish it support. This marriage must have been followed by actual abandonment by the mother before either she or the child could be deprived of the benefits secured to them by the homestead exemption allowed to the mother. Since the marriage did not, *ipso facto,* deprive the defendant of her homestead exemption, we hold abandonment by her must be shown the same as if she had not married. The fact of her marriage and living with her husband for a short time in Oklahoma, if there were no other proof on the question of the abandonment, would lead to the conclusion that she had abandoned her homestead in this State, for the reason that it is the duty of the wife to follow her husband, and in the absence of evidence to the contrary the law will presume that the domicile of the husband is the domicile of the wife, but this presumption is not conclusive and may be rebutted. [Ware v. Flory, 199 Mo. App. 60, 201 S. W. 593.]

In that case it was held that since the proof showed an intention on the part of Flory to remove from the State with intent to change his domicile, that the presumption of law would attach the same intention to the wife, but the fact that the presumption is not conclusive is also recognized in that case. The court there said: "Since the husband has the right to change his dom-

icile without obtaining his wife's consent and since the wife's residence follows and coincides with that of the husband, it would seem that his intention to change, the domicile determines her intention to change, in the absence of any evidence showing that the wife refused to recognize or abide by the husband's intention or determination. There was no such evidence.'' The evidence in this case would warrant the trial court in finding, and we must assume that he did so find, that this defendant when she went to Oklahome to marry Mr. Castleberry, did not intend to make her permanent home there but intended all the time to return to her home in this State. Her conduct in reserving two rooms in the house and retaining the furniture and such domestic animals and fowls as she would need in continuing her home on the land she owned in Howell County strongly corroborate her oral testimony on that question. The court was fully warranted in finding that she did not abandon her homestead.

Our conclusion is that the evidence supports the finding of the trial judge and his judgment is therefore affirmed. *Farrington, J.,* and *Bradley, J.,* concur.