WILLIAM M. SPANGLER, Respondent, v. FRED A. BENZ and MARY L. ANDREWS, FRED A. BENZ, Appellant.*

Kansas City Court of Appeals. January 19, 1925.

1. APPEAL AND ERROR: Abstract of Record: Where Record Was Fatally Defective in That no Matters of Exception Could be Reviewed Appellate Court Must Confine Itself to Record Proper. Where abstract of the record proper does not show anything but amended petition and answer, and does not show the filing of a motion for new trial or in arrest, or that bill of exceptions was signed or filed, nor show judgment appealed from or any order allowing appeal, such record is fatally defective, requiring appellate court to confine itself to record proper and consequently no matters of exception can be reviewed, and there being no defect or invalidity in the judgment disclosed on the face of the record proper the same must be affirmed.

2. ——: ——: Short Form Transcript of Circuit Clerk Held Insufficient to Cure Defective Abstract of Record. While short form transcript of clerk may possibly cure some defects in record, notably as to judgment and fact that motion for new trial was filed, it cannot cure all defects therein, and especially where the only instrument filed as and for a bill of exceptions, is merely a transcript of the evidence containing no motion for new trial or in arrest, clerk's transcript was insufficient to cure defects therein.

---

*Corpus Juris-Cyc. References; Appeal and Error, 4CJ, p. 390, n. 62, New; p. 404, n. 73.

Appeal from the Circuit Court of Pettis County.—*Hon. Dimmitt Hoffman*, Judge.

AFFIRMED.

*Claude Wilkerson* and *Lawrence Barnett* for respondent.

*Mark A. McGrider* and *Fred A. Benz* for appellant.

PER CURIAM:—This is a suit to recover the sum of $600 alleged to be due from the defendants Benz and Andrews for certain real estate conveyed to Benz by Mary L. Andrews for and on behalf of plaintiff. There was a finding and judgment for plaintiff, and defendant Benz has appealed.

Respondent has filed motion to affirm the judgment, and it is manifest the same should be sustained. The abstract of the record proper does not show anything but the amended petition and an answer. It does not show the filing of a motion for new trial or in arrest, or that a bill of exceptions was signed or filed. [Poshek v. Marceline Coal and Mining Co., 231 S. W. 70.] Nor does it show the judgment appealed from, nor any order allowing appeal. Such record is fatally defective. [Orr v. Russell, 240 S. W. 1096; Potts-Turnbull Adv. Co. v. Gatchell, 236 S. W. 1078.] The short form transcript of the clerk may possibly cure some of these defects, notably as to the judgment and the fact that a motion for new trial of some kind was filed. [State ex rel. v. Little River Drainage District, 271 Mo. 429; Monroe v. Chicago, etc., R. Co., 219 S. W. 68, 69.] But the others cannot be so cured, especially as no motion for new trial is shown whatever. The document certified to this court by the circuit clerk, as being the only instrument or document filed as and for a bill of exceptions, is merely a transcript of the evidence and nowhere contains any motion for new trial or in arrest. Consequently, no matters of exception can be reviewed, but we must confine

ourselves to the record proper, or that much of it at least as is before us. There is nothing on the face of the record proper to disclose any defect or invalidity in the judgment. Hence it must be, and is, affirmed.